Filed 2/18/26  P. v. Villareal CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JUSTIN VILLAREAL,<br><br>    Defendant and Appellant. | B343998<br><br>(Los Angeles County<br>Super. Ct. No. 24WCCF00839) |

APPEAL from a judgment of the Superior Court of Los Angeles County, David C. Brougham, Judge. Affirmed in part and remanded for resentencing.

Olivia Meme, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez and Nicholas J. Webster, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

## INTRODUCTION

Defendant Justin Villareal appeals from his convictions, after a jury trial, of two violations of Penal Code[1] section 69, subdivision (a) (felony resisting arrest, hereinafter § 69(a); counts 1 & 2), and one violation of section 484, subdivision (a) (misdemeanor petty theft; count 3). He raises two points of error.

First, Villareal contends the trial court should have instructed the jury on misdemeanor resisting arrest under section 148, subdivision (a)(1) (hereinafter section 148(a)(1)), which the People concede is a lesser offense included within felony resisting under the circumstances of this case. We agree with the People that such an instruction was unnecessary because the jury's conviction was necessarily predicated on Villareal's use of force within the meaning of section 69(a).

Second, relying on our Supreme Court's recent decision in *People v. Wiley* (2025) 17 Cal.5th 1069 (*Wiley*), Villareal contends remand is necessary for resentencing because the trial court determined one of the factors in aggravation against Villareal in violation of his constitutional right to a jury and relied on such determination in increasing Villareal's sentence. We agree. The People concede error and we conclude the error was prejudicial and not waived.

Accordingly, we remand for resentencing.

## BACKGROUND

Los Angeles County Sheriff's Deputies Dillan Williams and Christopher Moore responded, in two separate marked patrol vehicles, to a disturbance call at a 7-Eleven store. There, a store

---

[1]     Undesignated statutory references are to the Penal Code.

employee accused Villareal, who was shirtless in the store parking lot holding a bag of chips and a fountain drink, of theft.

The deputies tried to speak with Villareal but he walked away, ignoring their commands to stop. They followed him in their patrol vehicles as he wandered down the street. While they were following him, Villareal threw the chips and drink in the air, asking the deputies, " 'Really[,] for a chips and drink?' " They managed to box him in with their vehicles, whereupon they exited the vehicles and reiterated their orders to stop. This time, Villareal stopped. Deputy Moore ordered him to walk towards the front of his patrol car. Villareal complied with this command, too, and showed his hands. Deputy Moore then held each of Villareal's wrists and brought them together behind Villareal's back to cuff them. Villareal did not initially resist but then yanked his arms forward to prevent cuffing. As he struggled against Deputy Moore's grip, he managed to pull his right wrist free. He then spun towards Deputy Moore, who was still holding onto Villareal's left wrist, and braced his legs to pull away. Deputy Moore's bodycam footage shows he held on for about two seconds while Villareal pulled him several feet down the sidewalk. After managing to break free of Deputy Moore's grip, Villareal ran off.

The deputies then radioed for backup and again pursued Villareal in their vehicles. Deputy Williams drove ahead of where Villareal was running, stopped, got out, and ran towards Villareal. Deputy Williams's bodycam footage shows Villareal turn towards the approaching Deputy Williams and continue to run at him. The two collided, and Deputy Williams wrapped his arms around Villareal. They fell to the ground.

While the two men were down, Deputy Williams and other deputies repeatedly ordered Villareal to put his hands behind his back. Villareal vigorously resisted. At some point, Deputy Williams kneed Villareal in the stomach. Villareal turned his body away from Deputy Williams while bringing his forearms and hands to his chest. Deputy Moore placed a handcuff on his right hand. Villareal managed to keep his left hand in front of his body for over a minute despite Deputy Williams pulling on it for approximately 30 seconds, then punching Villareal in the back several times, and then continuing to pull on Villareal's hand. About 90 seconds after Deputy Williams and Villareal collided, with the assistance of two other deputies pulling Villareal's hands behind his back, Deputy Williams finally managed to handcuff Villareal.

The People charged Villareal by information with three counts: (1) felony resisting (§ 69(a)); (2) felony resisting (§ 69(a)); and (3) petty theft (§ 484, subd. (a)). As to the two felony resisting counts, the People alleged three circumstances in aggravation pursuant to California Rules of Court, rule 4.421(b). They also alleged Villareal had suffered a prior strike conviction for purposes of section 1170.12, subdivision (c)(1).

The matter proceeded to trial in November 2024. The jury in this trial returned a guilty verdict on the petty theft count but hung on the felony resisting counts.

On retrial, a different jury convicted Villareal on the felony resisting counts, too.

The jury was not instructed on misdemeanor resisting under section 148(a)(1) in either trial.

Before the trial court dismissed the jury, defense counsel raised the possibility that the jury would need to determine

4

whether Villareal had suffered a prior strike conviction. Counsel did not assert Villareal had the right to be tried on any other sentencing issue. The court held the jury while Villareal considered whether to exercise the right counsel asserted. After he decided not to, the court discharged the jury.

At the sentencing hearing four days later, the People presented evidence that Villareal had suffered a prior strike conviction and served a prior prison term for it (Cal. Rules of Court, rule 4.421(b)(3)); that he was on probation at the time of conduct for which he had just been convicted (rule 4.421(b)(4)); and that his convictions were numerous or increasing in seriousness (rule 4.421(b)(2)). The trial court indicated it intended to find each of these circumstances in aggravation to be true, and asked Villareal's counsel if he wished to be heard on those findings. He submitted on them without argument. The court relied on all three circumstances in aggravation in sentencing Villareal to the high term on count 1. He was sentenced to an aggregate term of seven years four months in state prison.

Villareal timely appealed.

## DISCUSSION

### I. Failure to Instruct on Misdemeanor Resisting
#### A. Law and Standard of Review

A trial court is obligated to instruct the jury on an uncharged lesser offense included in one charged if there is substantial evidence from which a reasonable juror could conclude the defendant committed the lesser, but not the greater, offense. (*People v. DePriest* (2007) 42 Cal.4th 1, 50 (*DePriest*).) Because this is a sua sponte obligation, a defendant may raise it for the first time on appeal. (*People v. Brothers* (2015) 236 Cal.App.4th 24, 33, fn. 6.) "This instructional requirement

5

' "prevents either party, whether by design or inadvertence, from forcing an all-or-nothing choice between conviction of the stated offense on the one hand, or complete acquittal on the other. Hence, the rule encourages a verdict, within the charge chosen by the prosecution, that is neither 'harsher [n]or more lenient than the evidence merits.' " ' " (*Id.* at pp. 29–30.)

"We review the trial court's failure to instruct on a lesser included offense de novo [citations] considering the evidence in the light most favorable to the defendant [citations]." (*People v. Brothers, supra*, 236 Cal.App.4th at p. 30.)

### B.    Analysis

The People concede under the circumstances of this case (though not in every case) that section 148(a)(1) is a lesser included offense of section 69(a). (See *People v. Smith* (2013) 57 Cal.4th 232, 241–243.)

As relevant here, a person violates section 69(a) by knowingly resisting, by use of force or violence, an executive officer in the performance of his or her duty. A person commits the lesser included offense described in section 148(a)(1) by "willfully resist[ing], delay[ing], or obstruct[ing] any . . . peace officer . . . in the discharge or attempt to discharge any duty of his or her office or employment . . . ." The most significant difference between the lesser offense described in section 148(a)(1) and the greater offense described in section 69(a) is that a defendant may be convicted of the lesser offense "even if he did not use force or violence to effectuate th[e] resistance." (*People v. Brown* (2016) 245 Cal.App.4th 140, 153.)

Accordingly, the trial court was required to instruct on the lesser offense of section 148(a)(1) resisting if substantial evidence supported a finding that Villareal did not use force or violence when he resisted Deputies Williams and Moore.

6

"[R]esisting an officer by 'force or violence' under section 69[(a)] does not require either a threshold quantum of force or violence, or the use of force or violence 'upon the person of' the officer. The statutory language does not, in other words, require the defendant to have actual physical contact with the officer." (*People v. Morgan* (2024) 103 Cal.App.5th 488, 508 (*Morgan*), disapproved on another ground in *Wiley*, *supra*, 17 Cal.5th at p. 1086.) Thus, " 'forceful resistance of an officer by itself gives rise to a violation of section 69, without proof force was directed toward *or used on* any officer.' " (*Morgan,* at p. 508.)

Here, there is no evidence Villareal *did not* use force in resisting arrest by Deputies Moore and Williams. When Deputy Moore held Villareal's hands behind his back, Villareal forcefully pulled them forward, immediately breaking Deputy Moore's grasp of his right wrist. To break Deputy Moore's grasp of the other, Villareal crouched, using the strength of his legs to pull his body away. Villareal's force was so great that he pulled Deputy Moore several feet before he lost his grip on Villareal's left wrist.

When Deputy Williams later ran towards the fleeing Villareal to try again to apprehend him, Villareal changed his course of flight to charge towards, and run into, him, compounding the force of their collision. Once on the ground, Villareal continued to resist Deputy Williams by rolling his body away from him and drawing his hands into his chest area to prevent cuffing. Thus, there is no substantial evidence to show that only the lesser crime was committed. (See *People v. Carrasco* (2008) 163 Cal.App.4th 978, 986 (*Carrasco*) [where uncontradicted evidence was that the defendant struggled forcefully against arrest, instruction on § 148(a)(1) was

unnecessary because there was no evidence on which a jury could conclude the defendant resisted without violating § 69(a)].)

Villareal cites authority—*People v. Williams* (2018) 26 Cal.App.5th 71—that his conduct constituted a violation of section 148(a)(1). However, this only confirms the undisputed point that section 148(a)(1) can be a lesser offense included within section 69(a). There is necessarily substantial evidence of commission of a lesser included offense every time a defendant is properly convicted of the greater offense because, by definition, every greater offense embraces its lesser included offenses. The question of whether an instruction was required turns on whether there is substantial evidence the defendant committed the lesser *but not the greater.* (*DePriest*, *supra*, 42 Cal.4th at p. 50.) Because the *Williams* court did not consider whether the conduct at issue did *not* violate section 69(a), it is of no help to Villareal.

Finally, we acknowledge the jury hung on the same two counts the first time the case was tried. A jury can hang for a variety of reasons. (Cf. *In re Richards* (2016) 63 Cal.4th 291, 316, conc. opn. of Corrigan, J. ["Juries fail to agree for a variety of reasons" and "the disagreement may be driven as much by the personality of a juror, a uniquely held world view, or even some friction during deliberations, as by any weakness in the underlying case."].) Given the strength of the video evidence, we will not infer from the outcome of the prior trial bona fide doubt that Villareal resisted with force.

In short, "if [Villareal] resisted the [deputies] at all, he did so forcefully." (*Carrasco*, *supra*, 163 Cal.App.4th at p. 985.) Thus, no reasonable juror could conclude Villareal's physical resistance amounted to a violation of section 148(a)(1) but not of

8

section 69(a). (See *Carrasco,* at p. 985.) Therefore, the trial court was correct not to instruct the jury on section 148(a)(1).

## II.    Failure to Submit Factor in Aggravation to Jury

Also for the first time on appeal, Villareal asserts he was entitled to have a jury determine one of the factors in aggravation the trial court relied upon, pursuant to section 1170, subdivision (b), in sentencing him to the upper term for his conviction on count 1. The challenged finding is that "[Villareal's] prior convictions are numerous or of increasing seriousness."

The right to a jury on this issue derives from the Sixth Amendment to the United States Constitution (*Wiley*, *supra*, 17 Cal.5th at p. 1082; *Erlinger v. United States* (2024) 602 U.S. 821, 840), and the People acknowledge the trial court erred in making the challenged finding absent Villareal's waiver or stipulation.

The People nevertheless assert we should affirm for two reasons: *first*, by failing to assert his right to a jury trial below, Villareal forfeited the issue; and *second*, the error was harmless in any event.

The first ground is easily disposed of. A criminal defendant does not waive his constitutional right to a jury trial by failing to object when a court resolves issues to which the right attaches without first obtaining the requisite waivers. (*People v. French* (2008) 43 Cal.4th 36, 47; *People v. Holmes* (1960) 54 Cal.2d 442, 443–444.)

As to the second, because the right at issue derives from the United States Constitution, we assess prejudice under the standard set forth in *Chapman v. California* (1967) 386 U.S. 18. (*Wiley*, *supra*, 17 Cal.5th at p. 1087.) Under the *Chapman* standard, " 'a sentence imposed under . . . section 1170(b) must be

reversed and remanded unless the reviewing court concludes beyond a reasonable doubt that a jury, applying that same standard, would have found true all of the aggravating facts upon which the court relied to conclude the upper term was justified, or that those facts were otherwise proved true in compliance with the current statute.' " (*Wiley*, at p. 1087; see also *People v. Lynch* (2024) 16 Cal.5th 730, 761 (*Lynch*) ["When the trial court *actually* relies on improperly proven aggravating facts to 'justify' an upper term sentence, a Sixth Amendment violation occurs and *Chapman* must be satisfied."].)

Here, the trial court found Villareal's prior convictions were "numerous *or* of increasing seriousness" (italics added), without saying which. It then proceeded to rely on this finding in sentencing. Because the court did not specify which of the two alternative grounds it relied on, it may have relied on either ground. Therefore, to ensure the trial court did not prejudicially rely on an improperly proven fact, we must consider whether a reasonable jury would have concluded both that Villareal's prior convictions were (i) "numerous," and (ii) "of increasing seriousness." Because a reasonable jury could have concluded Villareal's convictions were not of increasing seriousness, we remand for resentencing without the need to consider their numerosity.[2]

---

[2] Even if we were to reach the issue, we would likely have reasonable doubt a jury would have concluded Villareal's prior convictions were numerous. Whether prior convictions are "numerous" for purposes of rule 4.421(b)(2) is not further defined in the California Rules of Court. Our colleagues in Division Eight recently observed that a reasonable jury might consider numerosity in terms of the number of criminal episodes resulting

Our Supreme Court recently observed that, " ' "[t]o the extent a potential aggravating circumstance at issue in a particular case rests on a somewhat vague or subjective standard, it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court." ' " (*Lynch*, *supra*, 16 Cal.5th at p. 775.)

We have such a situation here regarding the trajectory of Villareal's criminal history. His record shows three separate clusters of related convictions. First, he was convicted as a juvenile of gang-related second degree robbery (§§ 211, 212.5, 186.22, subd. (b)(1)) in June 2011 and sentenced to 12 years in prison. He was paroled in 2022. In March 2024, he was convicted of four more offenses: felony possession of a controlled substance for sale (Health & Saf. Code, § 11378); felony transportation of a controlled substance (*id.*, § 11379); and two misdemeanors. For these offenses, he was placed on probation. Just five months later, he committed the instant offenses.

In determining the relative seriousness of offenses, a factfinder may consider a range of factors. Without limitation, it may compare " 'the range of punishment provided by statute for each offense' " or " 'the offenses' respective elements.' " (*Wiley*, *supra*, 17 Cal.5th at p. 1082.) It may also consider the timing of the offenses, such as by giving greater weight to more recent offenses and discounting those that occurred in the distant past. (*Id.* at p. 1089.)

Here, Villareal's first offense, committed as a juvenile, is the one that carried the largest statutory punishment. Second

in convictions, not in the number of convictions alone. (*People v. Wright* (2025) 113 Cal.App.5th 832, 847.)

degree robbery is punishable by imprisonment of two, three, or five years (§ 213, subd. (a)(2)), plus an additional 10 years when it is, as Villareal's was, gang related (§§ 186.22, subd. (b)(1)(C), 667.5, subd. (c)(9)).

Villareal's 2024 felony drug convictions were punishable by imprisonment of 16 months, two years, or three years (Health & Saf. Code, § 11378; Pen. Code, § 1170, subd. (h)(1)) and two, three, or four years (Health & Saf. Code, § 11379, subd. (a)), respectively.

Villareal's 2025 felony convictions were punishable by imprisonment of 16 months, two years or three years. (§§ 69, 1170, subd. (h)(1).)

The People urge that the present offenses were the most serious as they necessarily involved the "use[] [of] force against law enforcement officers." The People's premise is unsound. As already discussed, it is not necessary that a defendant use force *against* an executive officer to be convicted of resisting by force or violence under section 69(a). (*Morgan, supra,* 103 Cal.App.5th at p. 508.) A reasonable juror could view the conduct underlying the present convictions in a more charitable light: a course of bad conduct, motivated by hunger and thirst, that began with stealing chips and a drink and snowballed into a physical outburst to avoid detention under circumstances where such an outburst was punishable as a felony. Through this lens, it would be reasonable to view the resulting convictions as less serious than those for active participation in illicit drug sales and transport, which, in turn, could reasonably be viewed as less serious than a conviction for gang-related robbery.

## DISPOSITION

The judgment of convictions is affirmed. The case is remanded for full resentencing in compliance with *Erlinger, Wiley,* and *Lynch.*

RICHARDSON, J.

I CONCUR:

LUI, P. J.

***People v. Villareal***
**B343998**
**CHAVEZ, J., Concurring.**

I concur in the judgment only.


CHAVEZ, J.

1